## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

KATRINA R. McKINNEY,

                    Plaintiff,

    v.                                                3:14-cv-01127 (CSH)

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

                    Defendant.

### RULING ADOPTING AND SUPPLEMENTING RECOMMENDED RULING

HAIGHT, Senior District Judge:

Plaintiff Katrina R. McKinney applied to the Social Security Administration (the "SSA") for

supplemental security income on December 8, 2011.[1]  The SSA denied McKinney's application in

a written decision on July 26, 2013 (Ronald J. Thomas, *Administrative Law Judge*), which the

Defendant Commissioner affirmed on appeal.  McKinney brought the instant action under Section

205(g) of the Social Security Act as amended, 42 U.S.C. § 405(g), to obtain a review of the

Commissioner's decision.  McKinney moved for an order reversing the Commissioner's decision,

[Doc. 13], and the Commissioner cross-moved for an order of affirmance, [Doc. 16].  On August 24,

2015, Magistrate Judge Sarah A. L. Merriam issued a Recommended Ruling granting McKinney's

motion, and denying the Commissioner's, in light of the ALJ's failure to adhere to 20 C.F.R. §

404.1527(c)(2), commonly known as the "treating physician rule."  Doc. 20.[2]  In consequence, Judge

---

[1]  As discussed in the Recommended Ruling, the ALJ's decision erroneously states the application date to have been October 24, 2011.  Doc. 20, at 8 n.8.

[2]  Familiarity with the Recommended Ruling, [Doc. 20], is assumed.

Merriam recommended remanding the case for "the ALJ [to] reweigh the medical opinion evidence and reevaulate plaintiff's credibility and RFC."  Doc. 20, at 27.

## I.  Standard of Review

Defendant elected not to file an objection to Judge Merriam's ruling, which means that this Court reviews her decision only for "clear error."  *See* 28 U.S.C. § 636(b)(2); *Bandhan v. Lab. Corp. of Am.*, 234 F. Supp.2d 313, 316 (S.D.N.Y. 2002) (a "district court evaluating a Magistrate's report may adopt those portions of the report to which no 'specific, written objection' is made, as long as those sections are not clearly erroneous" (quoting Fed. R. Civ. P. 72(b)).

## II.  Discussion

Judge Merriam concluded that for a number of reasons, "the ALJ erred in his application of the treating physician rule to Dr. Zachmann's opinion."  Doc. 20, at 26.  Dr. Zachmann was McKinney's treating psychiatrist.  Not only was Judge Merriam's conclusion "not clearly erroneous," it was manifestly correct.  The case must accordingly be remanded to the Commissioner, as Judge Merriam recommended.

This Court's review of the case indicates that it is necessary to supplement the order for remand in certain respects.  Judge Merriam held that, "[i]n light of [the] finding [that the "treating physician rule" was not followed], the Court need not reach the merits of plaintiff's remaining arguments."  Doc. 20, at 26.  Judge Merriam came to that conclusion in light of the standard of review for an SSA appeal in federal district court, which she correctly summarized as follows:

> First, the court must decide whether the Commissioner applied the correct legal principles in making the determination.  Second, the court must decide whether the determination is supported by substantial evidence.  Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998).  **The Court does not reach the second stage of review –**

> evaluating whether substantial evidence supports the ALJ's conclusion – if the Court determines that the ALJ failed to apply the law correctly.

Doc. 20, at 3-4 (emphases provided by Judge Merriam).

Judge Merriam is correct that a federal district court should not address arguments as to whether "substantial evidence" supports an ALJ's decision where that court finds the ALJ's decision, in the first instance, to be legally defective. *See*, *e.g.*, *Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999) ("the Court must first review the ALJ's decision for correct legal principles before applying the substantial evidence standard to uphold a finding of no disability."); *Meadors v. Astrue*, 370 F. App'x 179, 184 (2d Cir. 2010) ("Because the ALJ neglected to engage in the proper legal standard we cannot subject his determination to meaningful review").  Judge Merriam was therefore also correct in determining that, once she found a violation of the treating physician rule, she was not in a position to resolve McKinney's allegations that the ALJ's findings were not supported by substantial evidence. *See Golden v. Sec. of Health & Human Servs.*, 740 F. Supp. 955, 960 (W.D.N.Y. 1990) ("Where the treating physician rule has been applied incorrectly, a decision by the Secretary denying benefits cannot be upheld on the grounds that the denial is supported by substantial evidence" (citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)))

However, Judge Merriam's recommended ruling omits analysis as to McKinney's other allegations of *legal error*, alleged legal deficiencies which are separate and apart from McKinney's argument as to the treating physician rule.  Specifically, McKinney argues that: (i) the ALJ violated 20 C.F.R. § 416.912(d) by failing to request an opinion from another treating physician in addition to Dr. Zachmann, [Doc. 13-1, at 12-14]; and (ii) the ALJ violated 20 C.F.R. § 416.929(c)(3)(iv) by failing to evaluate her use of medicine, [Doc. 13-1, at 14-16].  As these are both alleged violations

-3-

of law, the Court views it as appropriate to address them now, prior to the ALJ's reevaluation on remand.

### A.      Supplementation of Record – 20 C.F.R.  § 416.912(d)

McKinney argues that the ALJ failed to follow the dictates of 20 C.F.R. § 416.912(d), which states as follows:

> (d) *Our responsibility.*  Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary or unless you say that your disability began less than 12 months before you filed your application.  We will make every reasonable effort to help you get medical reports from your own medical sources when you give us permission to request the reports.

The Second Circuit has held that this places on the ALJ "an affirmative duty to develop the record," and prohibits an ALJ from "reject[ing] a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record."  *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (internal quotation omitted).

McKinney argues that the ALJ failed to adhere to this regulatory requirement by failing to affirmatively seek out a medical opinion from another one of McKinney's treating physicians, Dr. Robert Sheiman.  Doc. 13-1, at 12-14.  McKinney argues that it was insufficient for the ALJ to simply rely on Dr. Sheiman's treatment notes.

Defendant argues that an ALJ is under no obligation to seek additional medical information "'[w]here there are no obvious gaps . . . and where the ALJ already possesses a complete medical history,'" and that here, McKinney has identified no such "obvious gap" and the ALJ had a full medical history.  Doc. 17, at 6-7 (quoting *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999)).

The current dispute is in large part affected by, and related to, the ALJ's failure to follow

-4-

properly the treating physician rule, as Judge Merriam correctly found.  This is because if the ALJ improperly excluded (or placed insignificant weight on) McKinney's other treating physicians, there is presently an "obvious gap" in the record.  Moreover, it is unclear from the record what weight the ALJ placed on the opinion of Dr. Sheiman.  Therefore, the Court makes no determination as to whether the ALJ failed to comply with his obligation to affirmatively develop the record as to Dr. Sheiman.  It will be for the ALJ on remand to reevaluate the record in light of Judge Merriam's ruling, as supplemented herein, and only then to decide if further record supplementation as to Dr. Sheiman is at that point necessary.[3]  If the ALJ decides such supplementation to be unnecessary, it should state the reasons for such in its ruling.

B.       **Effects of Medicine Use – 20 C.F.R. § 416.929(c)(3)(iv)**

McKinney also claims that the ALJ failed to follow the directive of 20 C.F.R. § 416.929(c)(3)(iv), which states in relevant part:

> Because symptoms, such as pain, are subjective and difficult to quantify, any symptom-related functional limitations and restrictions which you, your treating or nontreating source, or other persons report, which can reasonably be accepted as consistent with the objective medical evidence and other evidence, will be taken into account . . . in reaching a conclusion as to whether you are disabled. . . . Factors relevant to your symptoms, such as pain, which we will consider include . . . [t]he type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms.

Social Security Ruling ("SSR") 96-7p, in effect currently and at the time of the ALJ's decision (and

---

[3]  In so doing, the ALJ should also affirmatively state the weight it places on the opinion of Dr. Sheiman.  *See Burgess v. Astrue*, 537 F.3d 117, 132 (2d Cir. 2008) ("If the ALJ declines to give controlling weight to Dr. Smith's MRI-supported opinion as to the nature and severity of her impairment, Burgess is entitled to a comprehensive statement as to what weight is given and of good reasons for the ALJ's decision.").

Judge Merriam's Recommended Ruling)[4] makes clear that the ALJ's review of the factors identified as relevant above is obligatory.  Specifically, SSR 96-7p states in relevant part: "20 CFR 416.929(c) describe the kinds of evidence . . . that the adjudicator *must consider* in addition to the objective medical evidence when assessing the credibility of an individual's statements" (emphasis added).

McKinney claims that the ALJ violated Section 416.929(c)(3) by failing "to fully evaluate the use of or side effects from [McKinney's] medications." Doc. 13-1, at 15.  Specifically, she claims that the "ALJ did not take Plaintiff's fatigue into consideration." Doc. 13-1, at 15.

McKinney is mistaken and this argument can be quickly dispatched.  The ALJ expressly noted McKinney's claim that she "gets tired from medications," but ultimately found McKinney's statements as to the severity of this side effect not to be entirely credible.  In fact, the ALJ specifically noted that "the record supports that the claimant's symptoms improved with medications." AR. 21.  Therefore, the ALJ complied with the directive of 20 C.F.R. 416.929(c) by accounting for the effect of McKinney's medications on McKinney's functionality.[5]

-------------------------

[4] On March 28, 2016, SSR 96-7p will be superseded by SSR 16-3p, which does appear to soften the obligatory nature of the SSA's review of the symptoms identified in Section 416.929(c).  Specifically, SSR 16-3p states that the agency "will also use the factors set forth in 20 CFR . . . 416.929(c)(3)," rather than stating that the agency *must consider* those factors. Further, the revised language states that "we will not discuss [a] specific factor[]" in the determination or decision," "[i]f there is no information in the evidence of record regarding [that] factor."  Regardless, given the analysis in text, the distinctions are irrelevant because they lead to the same outcome.

[5] Whether the ALJ did so properly is a question of whether the ALJ's decision as to this point is supported by substantial evidence, a question not reached at this point in light of the finding that the ALJ's decision is infected with legal error.  At present, it is sufficient to say that the ALJ complied with her legal obligation to account for the effects of McKinney's medications.

III.    **Conclusion**

For the foregoing reasons, the Court ADOPTS AS SUPPLEMENTED HEREIN Judge Merriam's [20] Recommended Ruling, and thereby GRANTS IN PART Plaintiff's [13] Motion for Judgment on the Pleadings and DENIES Defendant's [16] Motion to Affirm the Decision of the Commissioner.   In light of the above, the Court directs that this case be remanded to the Commissioner for further proceedings consistent with Judge Merriam's Recommended Ruling as supplemented by the instant Ruling.  The Clerk is directed to close the case.

It is SO ORDERED.

Dated: New Haven, Connecticut
         March 25, 2016

                                        /s/ Charles S. Haight, Jr.
                                        **Charles S. Haight, Jr.**
                                        **Senior United States District Judge**

-7-